J. S06036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALLEN GINN, | : | No. 1725 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 22, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0232991-1993

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 03, 2019**

Allen Ginn appeals ***pro se*** from the May 22, 2018 order dismissing his serial petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On October 30, 1995, a jury found appellant guilty of second-degree murder and related offenses in connection with the August 1992 shooting death of Philadelphia Police Officer

---

[1] Appellant's instant ***pro se*** petition is styled as a "Motion to Vacate Void Judgment," wherein he argues that the trial court lacked jurisdiction to sentence him to an alleged defect in the Bill of Information.  (***See*** "Motion to Vacate Void Judgment," 10/2/17 at 4-5, ¶¶ 16-18.)  This claim is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(viii) (stating that a claim that a conviction or sentence resulted from "[a] proceeding in a tribunal without jurisdiction" is cognizable under the PCRA).

Charles Knox during the course of a botched robbery. The trial court sentenced appellant to life imprisonment plus 10 to 20 years on January 24, 1996. On December 11, 1997, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on August 28, 1998. *See Commonwealth v. Ginn*, 706 A.2d 1252 (Pa.Super. 1997) (unpublished memorandum), *appeal denied*, 727 A.2d 128 (Pa. 1998). Appellant filed the instant *pro se* PCRA petition, his fourth, on October 2, 2017. On April 17, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on May 2, 2018. Thereafter, on May 22, 2018, the PCRA court issued an order and opinion dismissing appellant's petition as untimely.[2] This timely appeal followed on June 11, 2018.[3]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is

---

[2] The record further reflects that the PCRA court also filed an order and opinion on May 22, 2018, treating a *pro se* petition for writ of *habeas corpus* filed by appellant's mother, Barbara Ginn, as next friend, as a PCRA petition, and dismissing it for lack of standing. *See* PCRA court order and opinion, 5/22/18 at 3-4; *see also Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (stating that, "the PCRA is intended to be the sole means of achieving post-conviction relief," and that "the PCRA statute subsumes the writ of *habeas corpus*" (citations omitted)). Barbara Ginn has also appealed the dismissal of said petition. *See* Docket No. 1728 EDA 2018.

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

J. S06036/19

supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant[.]" ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on November 27, 1998, 90 days after our supreme court denied allowance of appeal and the

- 3 -

deadline for filing a petition for writ of ***certiorari*** in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, appellant had until November 26, 1999, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition was filed on October 2, 2017, almost 18 years past the deadline, and is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless he pleads and proves that one of the following three statutory exceptions to the one-year jurisdictional time-bar applies:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Instantly, appellant has failed to invoke any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). Rather, the crux of appellant's argument on appeal is that the PCRA court abused its discretion "in denying appellant the opportunity to have his interlocutory appeal heard

J. S06036/19

by [this Court], and by changing [his] motion to Vacate Void Judgment into a PCRA petition." (Appellant's brief at 5.) Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/19